IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**May 22, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MELVIN L,**
**Respondent Below, Petitioner**

**vs.) No. 22-ICA-295**      (Fam. Ct. Berkeley Cnty. No. FC-02-2020-D-696)

**BRIANNA W.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Melvin L.[1] appeals the Family Court of Berkeley County's October 27, 2022, final order limiting his parenting time solely to Respondent Brianna W.'s discretion. Melvin L. asserts that the family court failed to include findings of fact and conclusions of law in accordance with West Virginia Code §§ 48-9-102, 206, and 209. Brianna W. filed a timely response.[2] Melvin L. filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision. For the reasons stated below, this case is remanded with directions to the family court to enter a new order with sufficient findings of fact and conclusions of law.

Melvin L. and Brianna W. were never married but share one child, B.W., born September 6, 2020. On or about October 19, 2020, Brianna W. filed a petition seeking a paternity determination, primary residential parent status, decision-making authority, the establishment of child support, and for Melvin L. to have supervised visitation. A hearing was held on July 1, 2021, and the custody order was entered on July 19, 2021. Pursuant to that order, Brianna W. was given primary residential parent status and Melvin was granted three Facetime calls per week as well as phased-in visitation as follows: (1) one supervised visit per week for two hours for six consecutive weeks, (2) one visit per week for four hours for six consecutive weeks, (3) one visit per week for six hours for two consecutive weeks,

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n. 1 (1990).

[2] Melvin L. is self-represented. During the pendency of this appeal, Brianna W. was represented by Lawrence E. Sherman, Jr., Esq., who is now deceased.

(4) alternating weekends from Saturday at 10:00 a.m. until Sunday at 6:00 p.m. for three visits, and then (5) alternating weekends from Friday at 6:00 p.m. until Sunday at 6:00 p.m. If Melvin L. completed all five phases, he would be granted holiday time. Melvin L. was also ordered to pay Brianna W. $335.00 per month in child support.[3]

A status hearing to determine Melvin L.'s progress was scheduled for August 3, 2022, for which Melvin L. requested either a continuance or to appear for the hearing telephonically; both motions were denied, and Melvin L. failed to appear for the hearing. Brianna W. presented evidence that Melvin L. had missed all of his Wednesday visits.

A final hearing was held on October 13, 2022, and Melvin L. failed to appear again. The court entered its final order on November 8, 2022, and noted that Melvin L. attempted to contact the court four minutes prior to the hearing to request that he be allowed to appear telephonically, alleging that he was being tested for Covid-19. The court called the number that was left by Melvin L., but he did not answer the court's call. The court found, among other things, that Melvin L. had been noncompliant with previous orders and had missed many of his visits. Accordingly, the court ruled that Brianna W. would be the primary residential parent with sole decision-making responsibility. Further, visitation with Melvin L. would be solely at Brianna W.'s discretion. It is from the November 8, 2022, order that Melvin L. now appeals.

On appeal, Melvin L. contends that the family court erred by failing to explain why a 50/50 custody arrangement would not be in the child's best interest in accordance with West Virginia Code §§ 48-9-205(c) (2022), 48-9-206 (2022), and 48-9-209 (2022). We find merit in this argument. West Virginia Code § 48-9-206(d) makes it clear that final parenting plan orders must contain specific findings of fact.[4] Further, West Virginia Code § 48-9-209 provides a non-exclusive list of factors a court shall consider when making such findings.

The Supreme Court of Appeals of West Virginia has said that to properly review an order of a family court:

"[t]he order must be sufficient to indicate the factual and legal basis for the [family court]'s ultimate conclusion so as to facilitate a meaningful review of

---

[3] Subsequent hearings not relevant to this appeal were held on February 28, 2022, and June 13, 2022, during which Melvin L.'s parenting time was modified to Wednesdays and alternating Sundays.

[4] West Virginia Code § 48-9-206(d) states, "[t]he court's order determining allocation of custodial responsibility shall be in writing, and include specific findings of fact and conclusions of law supporting the determination."

the issues presented." *Province v. Province,* 196 W. Va. 473, 483, 473 S.E.2d 894, 904 (1996); *see also Nestor v. Bruce Hardwood Flooring, L.P.,* 206 W. Va. 453, 456, 525 S.E.2d 334, 337 (1999) ("[O]ur task as an appellate court is to determine whether the circuit court's reasons for its order are supported by the record."). "Where the lower tribunals fail to meet this standard—*i.e.* making only general, conclusory or inexact findings—we must vacate the judgment and remand the case for further findings and development." *Province,* 196 W. Va. at 483, 473 S.E.2d at 904.

*Collisi v. Collisi*, 231 W. Va. 359, 364, 745 S.E.2d 250, 255 (2013).

The family court's October 27, 2022, order lacks sufficient factual analysis for adopting a parenting plan that provides for an unequal share of parenting time, as required by the above-cited Code sections. Further, in its decision to grant Brianna W. sole decision-making authority and full discretion to decide how and when parenting time will take place, the family court failed to set any guidelines to ensure that Melvin L. would continue to be a part of the child's life, if that is what the family court intended.[5]

For the foregoing reasons, we remand this case to the family court with directions to issue an order with sufficient findings of fact and conclusions of law to facilitate meaningful appellate review. The family court is directed to make specific findings of fact and conclusions of law in accordance with West Virginia Code §§ 48-9-206 and 48-9-209. The final order is hereby converted to a temporary custodial allocation order until the entry of a new final order consistent with this decision is issued by the family court.

Remanded with directions.

**ISSUED:** May 22, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

---

[5] The family court's order included findings of fact and conclusions of law, but failed to provide an analysis pursuant to West Virginia Code § 48-9-209 (2022), and failed to give guidance on Brianna W.'s discretionary visitation. When determinations are made that visitation should take place at one parent's sole discretion, we encourage family courts to include guidelines which ensure that the nondecision-making parent will have access to the child(ren). If the family court's intention was to give Brianna W. full discretion to completely refuse visitation, it should be explicitly clear in the order.